Filed 9/16/20  In re R.M. CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| In re R.M. et al., Persons Coming Under the Juvenile Court Law. | 2d Juv. No. B303104 (Super. Ct. Nos. 19JV00301, 19JV00302) (Santa Barbara County) |
| SANTA BARBARA COUNTY CHILD WELFARE SERVICES, Plaintiff and Respondent, v. R.M., Defendant and Appellant. | |

R.M. (Father) appeals the juvenile court's order bypassing reunification services for him and his two children (collectively Children) because Father was convicted of violent

felonies.  (Welf. & Inst. Code,[1] § 361.5, subd. (b)(12).)  We affirm.

## FACTUAL AND PROCEDURAL HISTORY

In June 2019, Santa Barbara County Child Welfare Services (CWS) received a referral after the Children's mother[2] tested positive for amphetamines and opiates when she gave birth to another child.  The mother agreed to enter a residential treatment program while the maternal grandmother cared for the Children and the baby.  About a month later, the mother left the program.  CWS contacted the grandmother, who said that the mother came to the grandmother's home but then left with the baby.  CWS took the Children into protective custody.  The whereabouts of the mother and the baby were unknown.  CWS located Father, who was in prison.

In August, CWS filed an amended petition, alleging that Father had a criminal history which "reflects a pattern of behavior associated with substance abuse and dangerous criminal acts that puts the [Children] at risk for abuse and/or neglect."  His criminal history includes, "multiple counts of [drug offenses], evading a police officer, possession of a controlled substance in prison, multiple counts of sex with a minor, . . . vehicle theft, battery, multiple parole violations, possession of a hypodermic needle and narcotic, possession of unlawful paraphernalia, kidnapping for [ransom], torture, and transport of a controlled substance in relation to a street gang."  The petition

---

[1] Further unspecified statutory references are to the Welfare and Institutions Code.

[2] The mother is not a party to the dependency proceedings.

2

also alleged Father was incarcerated. The juvenile court sustained the petition, finding all the allegations to be true.

In the disposition report, CWS recommended that reunification services for Father be bypassed pursuant to section 361.5, subdivisions (b)(12) and (e)(1).[3] The report stated that in January 2013, Father was arrested for kidnapping for extortion and torture. (Pen. Code, §§ 206, 209, subd. (a).) He was convicted of both crimes and sentenced to 18 years in state prison followed by life without the possibility of parole. The report also noted that there was "clear and convincing evidence" that kidnapping and torture are serious and violent felonies pursuant to Penal Code section 667.5, subdivision (c)(8) and (14). An amended disposition report stated that the Children were placed with their maternal grandmother.

At the disposition hearing, the CWS social worker testified that she contacted Pelican Bay State Prison, where Father was incarcerated. The prison said there were "many rehabilitative courses offered." The social worker noted that before his incarceration in 2013, the Children, who were born in 2009 and 2010, lived with Father. She reported that while in Pelican Bay, Father had weekly phone calls with the Children. When Father was housed at Santa Barbara County Jail for the juvenile proceedings, he had two visits with the Children. The social worker acknowledged that the Children had a bond with Father and that family bonds were important for them. She had

---

[3] Section 361.5, subdivision (e)(1) provides that if a parent is "incarcerated . . . the court shall order reasonable services unless the court determines, by clear and convincing evidence, those services would be detrimental to the child."

3

no objection to Father communicating with the Children by phone and letters, nor did she object to family members taking the Children to visit Father. However, she testified that CWS recommended bypassing reunification services because Father "would not be able to reunify with his children in the 18-month time period" due to his prison sentence.

Father testified that when he was incarcerated in Santa Barbara County Jail (in 2013 and 2014), he had weekly visits with the Children. After his conviction, he was initially transferred to Wasco State Prison. In June 2016, he was transferred to Pelican Bay. When he first arrived at Pelican Bay, he was allowed only one phone call a month, which he used to talk to the Children. His privileges later increased to daily phone calls, and he called the Children once a week. He also wrote a letter to them once a week. Father participated in classes at Pelican Bay, including in-house "educational and spiritual" studies. There were other programs available, but they had waiting lists. Father also said there was a visitation center at Pelican Bay, but he never met with the Children there.

Father testified that reunification services would be in the best interest of the Children because "family is important" and that he could "project them in the right direction." He said that if the court ordered reunification services, he "wouldn't think twice" about participating. Father expressed his intent to request a transfer to a prison located closer to the Children so he could meet personally with them. He said the reunification services would help "continue the bond" with the Children. Father said that he supports the Children's placement with their grandmother.

At the conclusion of the detention hearing, the court found by clear and convincing evidence that section 361.5, subdivision (b)(12) applied and denied reunification services for Father. It did not find section 361.5, subdivision (e)(1) applied to this case. The court noted that if Father's conviction was reversed on appeal, he could file a modification request to have services reinstated.

## DISCUSSION

Father argues the trial court erred when it bypassed reunification services because reunification would be in the best interest of the Children.[4] We disagree.

When a child is removed from a parent's custody, reunification services must be offered to the parent unless one of several statutory exceptions applies. (§ 361.5, subd. (a).) Section 361.5, subdivision (b)(12) is one exception. The juvenile court "need not" provide reunification services, if it is established by clear and convincing evidence that the parent "has been convicted of a violent felony, as defined in subdivision (c) of [s]ection 667.5 of the Penal Code." (§ 361.5, subd. (b)(12).) If an exception applies, the juvenile court "shall not order" reunification services for the parent, unless it finds "by clear and convincing evidence, that reunification is in the best interest of the child." (§ 361.5, subd. (c)(2).) "'Once it is determined one of the situations outlined in subdivision (b) applies, the general rule favoring reunification is replaced by a legislative assumption that offering services

_____

[4] In his opening brief, Father also contends that CWS did not conduct proper notice and inquiry pursuant to the Indian Child Welfare Act (ICWA). After the opening brief was filed, CWS completed its ICWA notice and inquiry process. Father concedes the issue is now moot. We agree.

would be an unwise use of governmental resources. [Citation.]'" (*Renee J. v. Superior Court* (2001) 26 Cal.4th 735, 744.) The burden is on the parent to show that reunification would serve the best interest of the child. (*In re William B.* (2008) 163 Cal.App.4th 1220, 1227.) We review the juvenile court's order for substantial evidence. (*In re James C.* (2002) 104 Cal.App.4th 470, 484 (*James C.*).)

Father concedes he was convicted of kidnapping and torture, which are violent felonies. (Pen. Code, § 667.5, subd. (c)(8) & (14).) Thus, section 361.5, subdivision (b)(12) applies. The only issue is whether the juvenile court properly concluded that Father did not show reunification was in the best interest of his Children.

*Fabian L. v. Superior Court* (2013) 214 Cal.App.4th 1018 (*Fabian L.*) is instructive. There, the Court of Appeal upheld the termination of reunification services for an incarcerated father. In so doing, the court reasoned that "'there are many cases in which the provision of . . . services has little or no likelihood of success and thus only serves to delay stability for the child, particularly if the incarcerated parent is the only parent receiving services. This is especially true when the parent will be incarcerated longer than the maximum time periods for reunification efforts. . . . Indeed, *to attempt services in such circumstances may be setting everyone up for failure, including the parent, agency, and child.* Thus, in cases such as these, it may be possible to show that providing services to the incarcerated parent would be detrimental to the child since it would delay permanency with no likelihood of success.'" (*Id.* at pp. 1030-1031, original italics.)

6

This case presents a similar circumstance where providing services would delay permanency for the Children and would not be in their best interest.  Father was sentenced to life without the possibility of parole and will be incarcerated long after the maximum time period for reunification expires.  (See *Fabian L.*, *supra*, 214 Cal.App.4th at pp. 1030-1031; *James C.*, *supra*, 104 Cal.App.4th at p. 486 [substantial evidence supported denial of reunification services where the father was convicted of violent felonies and his release date from prison exceeded the maximum period of reunification services].)  The services for the Children's mother were also terminated, which further increases the need for stability for the Children.  Substantial evidence supports the trial court's denial of Father's reunification services.

## DISPOSITION

The order bypassing reunification services is affirmed.

<u>NOT TO BE PUBLISHED.</u>


                TANGEMAN, J.

We concur:


GILBERT, P. J.


YEGAN, J.

7

Arthur A. Garcia, Judge

Superior Court County of Santa Barbara

_____

Terence M. Chucas, under appointment by the Court of Appeal, for Defendant and Appellant.

Michael C. Ghizzoni, County Counsel, Lisa A. Rothstein, Deputy County Counsel, for Plaintiff and Respondent.